UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARILYN STOLTZ**                                                                      **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.1:07CV379 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and FELICIA CRAFT-PALMER, ET AL.**                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The Court has before it two motions [8] [15] to remand. For the reasons set out below the motions will be granted.

Plaintiff Marilyn Stoltz (Stoltz) was the owner of a residence situated at 203 Marcus Drive, Waveland, Mississippi, at the time of Hurricane Katrina. This property was insured under two policies issued by State Farm Fire and Casualty Company (State Farm). The property was destroyed by the forces generated during the storm.

State Farm policy number 24-BD-7207-6 is a homeowners policy providing limits of coverage of $67,000 (Dwelling); $31,400 (Dwelling Extension); $50,250 (Personal Property) and also covering loss of use. State Farm policy number 24-RA-4656-6 is a flood insurance policy providing limits of coverage of $30,000 (Dwelling) and $12,000 (Personal Property). The limits of the flood insurance policy have been paid, and the flood policy is not at issue in this case.

Stoltz alleges that Defendant Felicia Craft-Palmer (Palmer), Stoltz's local insurance agent, was negligent in not more fully explaining the terms of her two policies. Stoltz also alleges that Palmer did not properly advise her concerning the availability of additional flood insurance at a relatively low cost.

State Farm removed this action on grounds of diversity of citizenship, contending that the Stoltz's claim against Palmer is invalid as a matter of law and that Palmer's Mississippi citizenship should be disregarded for the purpose of ascertaining whether this Court has subject matter jurisdiction under 28 U.S.C. §1332. State Farm asserts that Stoltz has no valid grounds to proceed on her claims against Palmer even under the very liberal standard I must apply to assertions of misjoinder or fraudulent joinder. Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiff all reasonable inferences in support of her claims based upon those facts. I must also resolve all doubtful issues of state law in favor of the plaintiff. The complaint against the non-diverse defendant, Palmer, may be dismissed only if there is no reasonable basis for concluding that the plaintiff may establish a right of recovery against her.

Under this liberal standard, misjoinder or fraudulent joinder is as issue on which the removing party (in this instance State Farm) has the burden of proof. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp.* 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000). In order to establish that removal is proper, State Farm and Palmer must demonstrate that there is no set of facts that Stoltz can prove in support of her claim against Palmer that would entitle her to relief.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

In Mississippi, the purchase and sale of an insurance policy is an arm's length transaction, and the insured is charged with knowledge of the written terms of the insurance policy. *See*: *Barhonovich v. American Nat'l Ins. Co.*, 947 F.2d 775 (5th Cir.1991). Thus, Stoltz's allegation that Palmer misrepresented the coverage provided by the policy may ultimately be found insufficient to support a recovery directly against Palmer. *See*: *Booker v. American General Life and Accident Ins. Co.*, 257 F.Supp.2d 850 (S.D.Miss. 2003). But Stoltz's claim that Palmer was negligent in connection with the sale of the State Farm flood policy does not rely on these or similar allegations. Stoltz contends that in selling her flood insurance coverage Palmer did not exercise reasonable care to explain that additional flood insurance was available at a low cost compared with the cost of homeowners coverage. In my opinion, this is a more substantial claim.

The inquiry whether any action or inaction on the part of a local insurance agent is the product of negligence is a fact-intensive inquiry, and any determination whether actionable negligence has occurred must be made on a fully-developed record. The conduct required to meet an insurance agent's duty of reasonable care will vary depending on the nature of the relationship between the agent and his clients, the type of insurance involved, and other variables. The question whether Palmer's conduct met her duty of reasonable care is a question of fact, and at this juncture Stoltz is entitled to the benefit of any uncertainty concerning the scope of this duty and whether Palmer's conduct met the applicable standard of care. Given the very liberal rules of interpretation I am required to apply to Stoltz's factual allegations, I cannot say, as a matter of law, that Palmer met her duty of reasonable care and that Palmer is therefore entitled to judgment as a matter of law.

Of course I express no opinion whatsoever on the merits of any of Stoltz's claims against Palmer because I do not have the subject matter jurisdiction necessary to authorize me to make any such rulings. The fact questions concerning exactly what Palmer said or did, the circumstances in which Palmer acted, and the applicable standard of care in those circumstances may only be resolved on a fully-developed record.

  Whether Palmer's actions in selling Stoltz her insurance policies were appropriate and reasonable or whether her actions may have been inappropriate and negligent cannot be decided on the record now before me and by application of the standard I must follow in resolving this motion to remand.  I find that the allegations of the state court complaint are sufficient to belie the contention that Stoltz can prove no set of facts in support of her claims against Palmer which would entitle her to the relief she is seeking.  Accordingly, the motion to remand will be granted.

  An appropriate order will be entered.

  **DECIDED** this 14th day of May, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE